875 F.2d 866
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Dr. William T. NICHOLS, Plaintiff-Appellant,
v.
Dr. Hilton T. BONNIWELL, Defendant-Appellee.
 No. 88-3737.
 United States Court of Appeals, Sixth Circuit.
 May 12, 1989.
 
 Before KEITH, KENNEDY and RYAN, Circuit Judges.
 RYAN, Circuit Judge.
 
 
 1
 Plaintiff Dr. William T. Nichols appeals the district court's dismissal without prejudice of his action against defendant Dr. Hilton T. Bonniwell under 42 U.S.C. Sec. 1983. The court's rationale for dismissing plaintiff's action was that under Ohio Rev.Code Sec. 2743.02(A)(1) plaintiff waived a cause of action against defendant by filing an action based on the same alleged acts in state court against the University of Akron. We affirm based on this court's en banc decision in Leaman v. Ohio Department of Mental Retardation & Development Disabilities, 825 F.2d 946 (6th Cir.1987), cert. denied, 108 S.Ct. 2844 (1988).
 
 I.
 
 2
 Plaintiff was employed as the Assistant Dean of Continuing Education and Public Services/Outreach at the University of Akron from 1984 to June 1988. In July 1987, defendant, the Associate Provost of Continuing Education and Public Services/Outreach at the University, informed plaintiff that the University would not renew plaintiff's employment contract after the 1987-88 academic year. Plaintiff claims that the University's refusal to renew his employment contract was the result of a malicious campaign conducted by defendant.
 
 
 3
 In November 1987, plaintiff brought an action against defendant in the Ohio Court of Common Pleas alleging various tort claims and a claim under 42 U.S.C. Sec. 1983 asserting deprivation of liberty and property rights without due process. On February 1, 1988, the court of common pleas dismissed plaintiff's action without prejudice on the ground that under Ohio Rev.Code Sec. 2743.02(F) the Ohio Court of Claims initially had exclusive subject matter jurisdiction over civil actions against state employees.[1]
 
 
 4
 On February 8, 1988, plaintiff brought the instant action in the District Court for the Northern District of Ohio. Plaintiff's federal complaint, which was based on the same alleged acts by defendant as were pleaded in plaintiff's original complaint in the Ohio Court of Common Pleas, stated a due process claim under 42 U.S.C. Sec. 1983.
 
 
 5
 On February 10, 1988, plaintiff filed a complaint in the Ohio Court of Claims against defendant and the University of Akron. This complaint raised the same tort claims as did plaintiff's original cause of action in the Ohio Court of Common Pleas, but it stated no Sec. 1983 claim. On February 17, 1988, the court of claims dismissed defendant from the action pursuant to Ohio Rev.Code Sec. 2743.02(E), which provides that "[t]he only defendant in original actions in the court of claims is the state."
 
 
 6
 In July 1988, the district court dismissed plaintiff's federal action on the ground that under Ohio Rev.Code Ann. Sec. 2743.02(A)(1), as interpreted by this court in Leaman v. Ohio Department of Mental Retardation & Development Disabilities, 825 F.2d 946 (6th Cir.1987) (en banc ), cert. denied, 108 S.Ct. 2844 (1988), plaintiff waived a cause of action against defendant by filing an action based on the same alleged acts against the University of Akron in the Ohio Court of Claims. The district court dismissed plaintiff's action "with the condition that the plaintiff may refile in this Court against the defendant Bonniwell should the Ohio Court of Claims find that the defendant Bonniwell acted outside the scope of his employment, with maliciousness, bad faith or wantonness or recklessness." Plaintiff appeals this dismissal.
 
 II.
 
 7
 Under the Ohio Court of Claims Act, Ohio Rev.Code Sec. 2743.01 et seq., Ohio has waived its sovereign immunity and consented to be used in the court of claims. Ohio Rev.Code Sec. 2743.02(A)(1). The Act provides that, in exchange for this waiver of sovereign immunity, a plaintiff who files suit against the state in the court of claims waives any cause of action against state officers or employees based on the same acts or omissions:
 
 
 8
 [F]iling a civil action in the court of claims results in a complete waiver of any cause of action, based on the same act or omission, which the filing party has against any state officer or employee. The waiver shall be void if the court determines that the act or omission was manifestly outside the scope of the officer's or employee's office or employment or that the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner.
 
 
 9
 Ohio Rev.Code Sec. 2743.02(A)(1) (emphasis added).
 
 
 10
 In Leaman, this court, sitting en banc, considered this waiver provision. Leaman, a former employee of the Ohio Department of Mental Retardation, brought an action in federal court under 42 U.S.C. Sec. 1983 against the Department and several of its officials, alleging that her discharge violated her first and fourteenth amendment rights. After bringing her federal suit, Leaman filed a complaint based on the same alleged acts against the Department alone in the Ohio Court of Claims. The district court then dismissed Leaman's Sec. 1983 action against the individual defendants on the ground that under Sec. 2743.02(A)(1) Leaman waived a cause of action against the individual defendants by filing suit against the Department in the court of claims.
 
 
 11
 This court affirmed the district court's dismissal of Leaman's cause of action against the individual defendants. An en banc majority rejected Leaman's argument that application of the waiver provision of Sec. 2743.02(A)(1) impermissibly infringed upon Sec. 1983 remedies for constitutional violations, and held that waiver of causes of action against state employees--including federal causes of action against state employees--was a valid quid pro quo for the state's waiver of sovereign immunity:
 
 
 12
 The quid pro quo received by Ms. Leaman was not illusory, and the bargain she accepted was not unfair.... Ohio was under no constitutional duty to let itself be sued at all, and it was not unreasonable for the state to tell prospective plaintiffs--in words not unlike those used by the United States itself in the Federal Tort Claims Act--"we will agree to let you sue the sovereign if you will agree to surrender your claims against the sovereign's servants." When one considers the depth of the sovereign's pockets in comparison to the depth of the servants', and when one remembers that Ms. Leaman was not required to give up her right to seek reinstatement through an injunction suit against the Department of Mental Retardation, it is hard for us to see how the state could possibly be thought to have been guilty of overreaching.
 
 
 13
 Leaman, 825 F.2d at 954-55 (emphasis in original). The court further stated that the Court of Claims Act
 
 
 14
 offers claimants a better deal than they would have without it.... [F]ar from requiring that any claimant's constitutional rights be bartered away, [the Act] afford[s] claimants a superior mechanism for vindicating their rights. Constitutional rights may not be extinguished by any statute, state or federal, but this truism does not mean that suits or potential suits for alleged violations of such rights may not be compromised or waived.
 
 
 15
 825 F.2d at 956 (citing Home Insurance Company of New York v. Morse, 87 U.S. (20 Wall.) 445, 451, 22 L.Ed. 365 (1874)).
 
 
 16
 In this case, plaintiff, like Leaman, sued a state agency in the Ohio Court of Claims and brought a Sec. 1983 action based on the same alleged acts against a state employee in federal court.[2] We hold therefore that under Leaman the district court properly dismissed plaintiff's action on the ground that under Ohio Rev.Code Sec. 2743.02(A)(1) plaintiff waived a cause of action against defendant by filing an action against the University of Akron in the Ohio Court of Claims.[3]
 
 
 17
 The judgment of the district court is AFFIRMED.
 
 
 
 [1]
 Section 2743.02(F) provides in part:
 A civil action against a state officer or employee that alleges that the officer's or employee's conduct was manifestly outside the scope of the officer's or employee's employment or official responsibilities, or that the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner shall first be filed against the state in the court of claims, which has exclusive, original jurisdiction to determine, initially, whether the officer or employee is entitled to civil immunity under section 9.86 of the Revised Code and whether the courts of common pleas have jurisdiction over the civil action.
 Ohio Rev.Code Sec. 2743.02(F) (emphasis added).
 
 
 [2]
 Plaintiff's argument that his claim against defendant in federal court is not based upon the same acts as are his claims against the University of Akron in the court of claims is without merit. Review of plaintiff's complaints shows that every allegation of actionable conduct in his state complaint against the University refers to acts of defendant Dr. Bonniwell and that these alleged acts are the same acts alleged in plaintiff's federal complaint against Dr. Bonniwell
 
 
 [3]
 The district court's dismissal was properly conditioned upon a court of claims' finding that defendant had not acted outside the scope of his employment, with maliciousness, bad faith, wantonness, or recklessness
 The Ohio Court of Common Pleas' dismissal of plaintiff's action under Sec. 2743.02(F) is not before this court. Therefore, we do not reach the issue of whether, under Felder v. Casey, 108 S.Ct. 2302 (1988), this provision, which requires that civil actions brought in state court against state employees be filed in the court of claims, is pre-empted by federal civil rights laws.